# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TIMOTHY CROSBY,<br><br>  **Plaintiff,**<br><br>v.<br><br>BROCK & SCOTT, PLLC,<br><br>  **Defendant.** | CIVIL ACTION NO.<br>5:17-cv-00445-TES |

## ORDER DENYING MOTION TO DISMISS

## FACTUAL BACKGROUND

  A. **Plaintiff's Complaint.**

The following facts are taken from Plaintiff's Complaint [Doc. 1] and assumed to be true for the purposes of ruling on Defendant's Motion to Dismiss [Doc. 5]. Defendant Brock & Scott, PLLC, is a collection law firm and debt collector operating in Georgia. [Doc. 1 at ¶¶ 8, 14]. On July 31, 2017, Defendant sent a letter – the contents of which are not disputed – to Plaintiff, a consumer, indicating that "[t]he above referenced loan has been placed with Brock & Scott, PLLC ("B&S") for foreclosure." [*Id.* at ¶¶ 12, 15; Doc. 1-1 at 2]. The letter lists the loan in question as amounting to $93,791.35, which Plaintiff alleges is in excess of the actual balance of the loan. [Doc. 1 at ¶¶ 23, 24; Doc. 1-1 at 2].

On each page of the letter, the following language appears:

> **\*\*\*THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. IF YOU HAVE RECEIVED A DISCHARGE IN BANKRUPTCY, AND YOU HAVE NOT REAFFIRMED THIS DEBT, THIS NOTICE CONSTITUTES NEITHER A DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY.\*\*\***

[Doc. 1-1 at 2, 3].

Elsewhere, the letter states, "This correspondence is not a payoff quote or a demand for payment or money from you, and should not be interpreted or construed as a payoff letter or a demand for payment from you by B&S." [Doc. 1-1 at 2]. The letter also states, "If your personal liability for this debt has been discharged in a bankruptcy proceeding and you have not reaffirmed the debt, this communication is for notice purposes only in connection with the foreclosure of the referenced property, and we are not attempting to collect the debt from you personally." [*Id.* at 3].

Plaintiff filed his Complaint [Doc. 1] on November 11, 2017, seeking damages for Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and for Defendant's alleged negligence. Plaintiff's alleged damages include "actual injuries the FDCPA seeks to prevent including (without limitation) an invasion of a statutory right and undue stress." [Doc. 1 at ¶ 28].

B.  **Defendant's Motion to Dismiss.**

Defendant moved to dismiss Plaintiff's claims on December 7, 2017. [Doc. 5]. Defendant's Motion states several grounds for dismissal. First, Defendant contends that

Plaintiff fails to state a claim under the FDCPA because the letter was a notice of a security interest foreclosure rather than a notice of debt collection and thus not subject to scrutiny under the FDCPA. [Doc. 5-1 at 3]. Second, Defendant argues that Plaintiff fails to sufficiently plead an FDCPA violation because "Plaintiff has not provided even one reason why he believes the amount [of the debt] provide[d] [in the letter] was incorrect." [*Id.* at 5-6]. Third, Defendant argues that the letter satisfies the "least sophisticated user" standard of the FDCPA because it is not confusing; "it expressly states that it is not a payoff quote or a demand for payment . . . and contains language that clearly states that the amount quoted may change." [*Id.* at 8, 9]. Fourth, Defendant argues that any violation of the FDCPA was not intentional and that the FDCPA's "bona fide error" defense applies if the amount of the debt is in fact misstated in the letter. [*Id.* at 8-9]. Finally, Defendant argues that Plaintiff's negligence claim fails because "Plaintiff has failed to show any damages that were proximately caused by [Defendant]." [*Id.* at 10].

## CONCLUSIONS OF LAW

### A. Standard of Review.

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right

3

of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.

## B. <u>Plaintiff's FDCPA Claims.</u>

### 1. <u>Defendant's letter is a debt collection activity subject to the FDCPA</u>.

Plaintiff alleges in his Complaint [Doc. 1] that Defendant's acts and omissions "constitute numerous and multiple violations of the FDCPA including, but not limited to[,] 15 U.S.C. §§ 1692e and 1962f." [Doc. 1 at ¶ 25]. Section 1692e prohibits a "debt collector" from using "false, deceptive, or misleading representation[s] or means in connection with the collection of a debt." 15 U.S.C. § 1692e. Thus, a plaintiff seeking relief from a violation of Section 1692e "must allege, among other things, (1) that the defendant is a 'debt collector' and (2) that the challenged conduct is related to debt collection." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012).

Defendant argues in its Motion to Dismiss [Doc. 5] that the letter was related to the foreclosure of a security interest rather than a debt collection and is therefore not subject to the requirements of the FDCPA. [Doc. 5 at 3-4]. Defendant cites *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458 (11th Cir. 2009) in support of this argument. In *Warren*, the Eleventh Circuit determined that "foreclosing on a security interest is not debt collection activity for the purposes of *§ 1692g*." 342 F. App'x at 460 (emphasis added). By limiting its scope to Section 1692g, *Warren* does not answer the

question of whether the foreclosure of a security interest is a debt collection for the purposes of Sections 1692e and 1962f, which are at issue in this case.

The Eleventh Circuit Court of Appeals answered that question three years after *Warren* in *Reese v. Ellis, Painter, Ratterree & Adams, supra*. In *Reese*, the Court of Appeals held that "[t]he fact that [a] letter … relate[s] to the enforcement of a security interest does not prevent [it] from also relating to the collection of a debt within the meaning of § 1692e." 678 F.3d at 1217. Thus, *Reese* stands for the proposition that "an entity can both enforce a security interest *and* collect a debt." Moreover, the Eleventh Circuit recognized Reese to allow the "enforcer of a security interest to be held liable under the FDCPA beyond § 1692f(6)." *Birster v. American Home Mortg. Servicing, Inc.*, 481 F. App'x 579, 583 (11th Cir. 2012) (holding *Reese* to be binding precedent in the Eleventh Circuit) (emphasis in original).

Notably, the *Birster* court recognized that a letter from a loan servicer could be a debt collection activity subject to liability under the FDCPA and *Reese* because it stated "THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Id.* at 583 (emphasis in original). The letter at issue in this case contains identical language and can therefore be viewed as an effort to collect a debt, if not also an attempt to enforce a security interest. Therefore, in light of *Reese* and *Birster*, Defendant's letter constitutes a debt collection activity subject

5

to potential liability under the FDCPA.[1]

    2.  <u>Plaintiff's Complaint is sufficiently pled to state a claim under the FDCPA</u>.

Next, Defendant argues that "Plaintiff's one-sentence allegation that the amount of the debt was misstated or misrepresented, without any supporting facts, fails to raise his claim 'above the speculative level' required by *Twombly*." [Doc. 5-1 at 5]. Defendant goes on to suggest that Plaintiff should have given at least "one reason why he believes the amount provide[d] was incorrect" by alleging, for example, that the amount includes excessive interest or other fees not allowed under the terms of the loan. [Doc. 5-1 at 6]. However, as Plaintiff points out, *Twombly* does not require Plaintiff to provide explanation for his claims beyond that necessary to put Defendant on notice of Plaintiff's claims and "the grounds upon which [they] rest[]." 550 U.S. 544, 555 (2007); *see also* [Doc. 7 at 5]. Plaintiff need only plead his claims with "enough heft to show that [he] is entitled to relief." *Id.* at 557 (internal quotations omitted).

15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692f prohibits a debt collector from collecting "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

---

[1] To the extent Defendant argues that it is not a "debt collector" within the meaning of the FDCPA, discovery is necessary to determine whether Defendant's principal purpose is the collection of debts or whether Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Plaintiff's Complaint alleges that the amount of the loan as it was presented in the letter "was in excess of the actual balance of the alleged debt." [Doc. 1 at ¶ 24]. Plaintiff's Complaint further alleges that Defendant's misstatement of the loan amount violated 15 U.S.C. §§ 1692e and f. [*Id.* at ¶ 25]. These allegations are sufficient to put Defendant on notice of the claims against him, and no further factual basis is necessary. Thus, the Court finds that Plaintiff sufficiently states a claim against Defendant for violations of the FDCPA.

3. Defendant's "bona fide error" defense is premature.

Defendant states in its Motion that any violation of the FDCPA was unintentional and therefore excused under the "bona fide error" defense provision of the FDCPA. [Doc. 5-1 at 8-9]; *see also* 15 U.S.C. § 1692k(c). However, the existence of an affirmative defense – other than a statute of limitations defense – will not support a motion to dismiss unless the existence of the affirmative defense is clearly indicated on the face of the complaint. *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). Plaintiff's Complaint [Doc. 1] makes no mention of the "bona fide error" defense. Therefore, Defendant's reference to the defense is premature.

Moreover, the "bona fide error" defense provision of the FDCPA states that "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows *by a preponderance of evidence* that the violation was not intentional…." 15 U.S.C. § 1692k(c) (emphasis added). The parties have yet to conduct

7

discovery in this case,[2] and therefore there is no evidence with which Defendant can prove the applicability of the "bona fide error" defense. Such a defense is properly raised in Defendant's responsive pleadings and proven on summary judgment.

C. **Plaintiff's Negligence Claim.**

Finally, Defendant argues that Plaintiff fails to state a negligence claim because he fails "to show any damages that were proximately caused by Defendant." [Doc. 5-1 at 10]. Defendant contends that Plaintiff should have alleged that he paid the amount of the debt or that a foreclosure sale occurred. [*Id.*] Plaintiff's Complaint [Doc. 1] clearly states that Plaintiff suffered "actual damages . . . including (without limitation) an invasion of a statutory right and undue stress." [Doc. 1 at ¶ 28]. Thus, Plaintiff's damages are properly pled. Whether Plaintiff can prove these damages is a question better raised on summary judgment.

**CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss [Doc. 5] is **DENIED**. The Court's Stay of Discovery [Doc. 10] is hereby **LIFTED**. The Parties are **DIRECTED** to submit a proposed scheduling order pursuant to the Court's Rules 16/26 Order [Doc. 8].

**SO ORDERED**, this 1st day of May, 2018.

                                        **S/ Tilman E. Self, III**
                                        TILMAN E. SELF, III, JUDGE
                                        UNITED STATES DISTRICT COURT

---

[2] The Court stayed discovery in this matter pending a ruling on Defendant's Motion to Dismiss. [Doc. 10].