# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TIMOTHY CROSBY,<br><br>*Plaintiff*,<br><br>v.<br><br>BROCK AND SCOTT, PLLC,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:17-cv-00445-TES |

## ORDER ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This case is before the Court on Defendant Brock and Scott, PLLC's ("Brock & Scott") Motion for Protective Order [Doc. 19], which, as explained below, is **GRANTED IN PART** and **DENIED IN PART** subject to certain limitations.

## FACTUAL BACKGROUND

This case arises from an alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). [Doc. 1 at ¶ 1]. On or about January 20, 2016, Plaintiff executed a Security Deed in favor of Mortgage Electronic Registration Systems, Inc., conveying real property known as 2070 Graham Road, Macon, Georgia 31211 as security. [Doc. 19 at p. 1]. Subsequently, the Security Deed was assigned to the current creditor, Village Capital & Investment, LLC. [*Id.* at pp. 1-2]. According to Plaintiff's Complaint [Doc. 1], Brock & Scott, acting as a debt collector, sent a letter to Plaintiff on or about July

31, 2017, attempting to collect a debt classified by Village Capital & Investment, LLC as being in default. [Doc. 1 at ¶¶ 12, 20]; *see also* [Doc. 13 at ¶ 12]. Plaintiff claims that the amount listed in the letter, $93,791.35, was in excess of the actual balance of the alleged debt. [Doc. 1 at ¶¶ 23-24].

## PROCEDURAL HISTORY

During the course of this litigation, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff sent a Notice of Deposition to Brock & Scott. *See* [Doc. 20-2]. Plaintiff's Notice outlined eight "Deposition Topics," and two days before the scheduled deposition was to take place on November 2, 2018, Defendant "raised issue with two of the proposed topics" and filed the present motion on November 1, 2018. [Doc. 20 at p. 3]; *see also* [Doc. 19 at p. 7]; [Doc. 20-2 at p. 2]. Pursuant to a court-facilitated[1] agreement between the parties, the deposition continued as scheduled with the prospect that the parties might resolve their discovery disputes. [Doc. 20 at p. 3]. However, because the parties were unable to reach an agreement during the deposition, Plaintiff did not depose Brock & Scott's Rule 30(b)(6) deponent regarding Deposition Topics 6 & 7. [Doc. 20 at p. 3]. Therefore, the issues presented via the parties' discovery disputes (as to those Deposition Topics) have been put to the Court for resolution.

The Deposition Topics at issue state:

---

[1] Through email correspondence with the Court, the parties agreed to continue with the deposition and allow questioning regarding Topics 1-5 and 8, and agreed to reopen the deposition should the Court deny (in part or in whole) the Motion for Protective Order [Doc. 19].

> [T]he designated representative(s) of Defendant[] must be prepared to testify regarding 'matters known or reasonably available to' Defendant, including but not limited to the following topics:
>
> [. . .]
>
> 6. Defendant's policies and procedures used in the maintenance and collection of debts like the one at issue in this litigation.
> 7. Previous reports of, and litigation involving, alleged inaccuracies and errors in Defendant['s] accounting and collection practices. . . .

[Doc. 20-2 at p. 2]. In its motion, Brock & Scott maintains that Deposition Topic 6 seeks disclosure of propriety policies and procedures that, if disclosed, "will harm Brock & Scott through dissemination of its unique business practices to its competition . . . ." [Doc. 19 at pp. 4-5]. However, as to Deposition Topic 7, Brock & Scott asserts the common argument that the discovery request is "overly broad and unduly burdensome." [*Id.* at p. 4].

## **DISCUSSION**

### A. **Standard of Review**

The text of Federal Rule of Civil Procedure 26(c) allows the Court, within its discretion, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the party or person's showing of "good cause." Fed. R. Civ. P. 26(c)(1). Federal courts, including those in the Eleventh Circuit, impose a balancing test in order to determine good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (citing *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). When applying

this test, a district court must "balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Id.*

      **B.**    <u>**Disclosure of Brock & Scott's Policies and Procedures Used in the Maintenance and Collection of Debts (Deposition Topic 6)**</u>

Specific to Deposition Topic 6, Brock & Scott argues that disclosure of its policies and procedures used in the maintenance and collection of debts is not proportional to the needs of this case. [Doc. 19 at p. 5]. As a basis for this argument, Brock & Scott asserts that the two issues in this case include: (1) whether the amount of the debt quoted in the letter sent to Plaintiff on July 31, 2017, was in excess of the actual debt owed, and if so, (2) whether the letter constitutes a violation of the FDCPA. [*Id.*]. While Plaintiff, in his Response [Doc. 20], clearly takes issue with Brock & Scott's representation of the issues in this case, he never takes the opportunity to clarify its purportedly "overly simplistic" interpretation "of what the issues are in [Plaintiff's] case" and how they are "contrary to the pleadings filed by [Brock & Scott]." [Doc. 20 at p. 1]. Nevertheless, Brock & Scott's pin-pointed issues do, at the very least, summarize the global issue in this case: whether Plaintiff can "show that a debt collector attempted to collect a consumer debt through an act or omission prohibited by the FDCPA." *Foster v. Franklin Collection Servs., Inc.*, No. 5:17-cv-00008-TES, 2018 WL 4365518, at *2 (M.D. Ga. Sept. 13, 2018).

To resolve this issue, the Court must not assess "whether the particular plaintiff-consumer was deceived or misled," but must instead determine "whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct."

4

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1257 (11th Cir. 2014) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11 (11th Cir. 1985)). Despite the well-known fact that the Eleventh Circuit generally construes the FDCPA as a strict liability statute because it "typically subjects debt collectors to liability even when violations are not knowing or intentional" the statute itself carries one exception to liability. *Foster*, 2018 WL 4365518, at *3. Section 1692k states:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). Assuming (for purposes of this discussion), there is a violation of the FDCPA in this case, to be entitled to the "bona fide error" defense, the *debt collector* must show by a preponderance of the evidence that (1) its FDCPA violation was unintentional; (2) its FDCPA violation was the result of a bona fide error; and (3) the error occurred despite the maintenance of procedures reasonably adapted to avoid any such error. *Foster*, 2018 WL 4365518, at *3 (citations omitted).

Deposition Topic 6, and by extension Deposition Topic 7 as well (discussed below), seems to prod directly to whether the bona fide error defense is applicable to this case. While the burden befalls on Brock & Scott to show the bona fide error defense applies by a preponderance of the evidence, the policies and procedures (or lack thereof) that would

5

likely be discussed at the Rule 30(b)(6) deposition could, by the same token, potentially reveal the defense's inapplicability.

Moreover, by its own admission, Brock & Scott seems to have already detailed its "policies and procedures for calculating the debt in letters," like the letter at issue in this case, during the deposition held on November 2, 2018. [Doc. 22 at p. 5]. To the extent Plaintiff seeks additional detail for "*all other* policies and procedures used by [ ] Brock & Scott in the maintenance and collection of debts," the Court agrees that such request is overly broad and not proportional to the needs of this case and **GRANTS IN PART** Brock & Scott's Motion for Protective Order. [*Id.* at pp. 5-6 (emphasis added)]. However, given the Court's inability to discern whether the statements provided by Brock & Scott's Rule 30(b)(6) deponent are included in the deposition record taken on November 2, 2018, and because "Brock & Scott has no objection to providing Plaintiff with its policies and procedures for calculating" debts like the one in this case, the Court **DENIES IN PART** Brock & Scott's Motion for Protective Order as to Deposition Topic 6 subject to the limitation outlined below.

Should Plaintiff desire to conduct an additional deposition (for Deposition Topic 6) for the sake of clarity concerning the specific policies and procedures Brock & Scott uses *in the area of real estate default litigation*, he may do so, but only for the narrow purpose of gathering information as to how Brock & Scott calculates debts listed in debt-collection letters similar to this case. *See* Fed. R. Civ. P. 26(c)(1)(D). It is axiomatic that any questions

6

outside of this limitation may be objected to at the deposition. However, taking into account the balancing test imposed on discovery issues like the ones presented here, the very presence of a question exceeding this limitation and any objection thereto—in a publicly-filed deposition—could create a detriment to Brock & Scott's internal policies and procedures used in its debt-collection practices. Therefore, the Court **ORDERS** that any subsequent deposition taken as to Deposition Topic 6 must be filed in accordance with Federal Rule of Civil Procedure 26(c)(1)(F).

  C. **Disclosure of Previous Reports Of, and Litigation Involving, Alleged Inaccuracies and Errors in Brock & Scott's Accounting and Collection Practices (Deposition Topic 7)**

To support its arguments for a protective order as to Deposition Topic 7, Brock & Scott contends that the topic is overly broad in light of the fact that Brock & Scott is a full-service law firm operating throughout 16 different states with eight specified areas of practice. [Docs. 19 at p. 6; 22 at p. 7]. Once again, the Court partially agrees with this argument.

While Plaintiff is entitled to any "matters known or reasonably available to" Brock & Scott regarding "[p]revious . . . *litigation* involving[] alleged inaccuracies and errors in [Brock & Scott's] accounting and collection practices" to support his frequency-based

argument under 15 U.S.C. § 1692k(b)(1),[2] he is not entitled to the amorphous category of "*reports* of . . . alleged inaccuracies and errors in [Brock & Scott's] accounting and collection practices." [Doc. 20-2 at p. 2 (emphasis added)]; *see also* [Doc. 20-2 at p. 2]. Imposing an obligation on Brock & Scott to uncover any and all reports of an alleged inaccuracy or error on its behalf would prove impracticable and disproportionate to the needs of this case. Certainly, the Court agrees with Brock & Scott's argument that a claim or a lawsuit filed against Brock & Scott questioning its accounting and collection practices does not mean that the claim or lawsuit had a factual or legal basis. [Doc. 19 at p. 6]. However, whether a claim or lawsuit carried legal merit does not frustrate Plaintiff's access to those lawsuits at this stage of the litigation and is a question for post-discovery discussion in any subsequent motion that may be filed. Accordingly, the Court **GRANTS IN PART** Brock & Scott's Motion for Protective Order as to Deposition Topic 7 subject to the following limitations.

For the reasons discussed below, the Court specifically orders that the scope of discovery as to previous *litigation* involving Brock & Scott be limited in time, not geography. Brock & Scott's argument that "[a]ny lawsuits filed against [it] are matters of

---

[2] Assuredly, the Court recognizes Brock & Scott's argument that frequency in accounting report discrepancies "is precisely the type of information required to determine damages under 15 U.S.C. § 1692k(b)(1)" and a request for such information is, at this time, "premature." [Doc. 22 at p. 8]. However, in light of the Court's ruling as to Deposition Topic 6, and for the sake of judicial economy, certain potential arguments may arise to support dispossessory motions from either party in this case. Therefore, the Court will not prevent the disclosure of previous litigation involving alleged inaccuracies and errors in Brock & Scott's accounting and collection practices.

8

public record and available to Plaintiff" for his review of potential "similarities of [ ] issues to the case at bar" overlooks one factor. [Doc. 22 at p. 9]. The FDCPA is a federal statute and as such, FDCPA claims filed against Brock & Scott can be filed in state court as well as federal court. In consideration of the Court's obligation to balance party-interest, a ruling that forces the discovery of any and all claims filed throughout 16 different states that were never removed to federal court would generate an undue burden to Plaintiff. Brock & Scott, as the defendant in the "previous litigation" requested in Deposition Topic 7, is undoubtedly in the more suitable position to provide the sought-after discovery.

Despite the Court's unwillingness to place a geographic limitation on Plaintiff's requested discovery, the Court will limit Deposition Topic 7 to claims filed from November 11, 2012, to November 11, 2017 (the past five years ending on the date Plaintiff filed his Complaint) involving alleged inaccuracies and errors on Brock & Scott's behalf and are related to accounting and debt-collection practices in real estate default litigation. With respect to the parties' concerns of confidentiality and their amicability to protect such information, the Court **ORDERS** that any future deposition taken regarding Deposition Topic 7 also be filed in accordance with Federal Rule of Civil Procedure 26(c)(1)(F).

## CONCLUSION

For the above-stated reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Brock & Scott's Motion for Protective Order [Doc. 19] subject to the limitations outlined in this Order.[3]

**SO ORDERED**, this 3rd day of January, 2019.

S/ Tilman E. Self, III<br>
**TILMAN E. SELF, III, JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[3] Should the record from the deposition taken on November 2, 2018, already include proprietary information regarding Deposition Topic 6, the parties may file that deposition under seal as well. However, should the parties elect to publicly file the transcript discussing Deposition Topics 1-5 and 8, the parties must either omit or redact those portions, if any, from the deposition transcript taken on November 2, 2018, that contain any reference to proprietary information. If no other information is needed by Plaintiff regarding Deposition Topic 6, then any subsequent deposition regarding Deposition Topic 7 must be filed pursuant to Federal Rule of Civil Procedure 26(c)(1)(F).